# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #057

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **19th day of October, 2016**, are as follows:

**BY JOHNSON, C.J.**:

2016-CC-0708      ROGER ALICEA, ET AL.   v. ACTIVELAF, LLC, ET AL. (Parish of Lafayette)

Accordingly, we find the lower courts correctly overruled Sky Zone's exception of prematurity. Therefore, the rulings of the lower courts are affirmed.
AFFIRMED AND REMANDED TO THE DISTRICT COURT.

WEIMER, J., dissents and assigns reasons.
GUIDRY, J., dissents and assigns reasons.
CLARK, J., concurs with reasons.
HUGHES, J., concurs with reasons.
CRICHTON, J., additionally concurs with reasons.

SUPREME COURT OF LOUISIANA

No. 2016-CC-0708

ROGER ALICEA, ET AL.

VERSUS

ACTIVELAF, LLC, ET AL.

ON SUPERVISORY WRITS TO THE FIFTEENTH JUDICIAL
DISTRICT COURT FOR THE PARISH OF LAFAYETTE

**JOHNSON, CHIEF JUSTICE**

Patrons of Sky Zone Lafayette, an indoor trampoline park, are required to complete a "Participant Agreement, Release and Assumption of Risk" document ("Agreement") prior to entering the facility and participating in Sky Zone's activities. The Agreement contains a clause waiving the participant's right to trial and compelling arbitration. Plaintiff, Theresa Alicea, executed the Agreement prior to her husband, Roger Alicea, taking their minor sons to Sky Zone. The Aliceas' son, Logan Alicea, was injured while jumping on a trampoline. The Aliceas filed suit against Sky Zone, individually and on behalf of Logan, and Sky Zone responded with an exception of prematurity seeking to compel arbitration pursuant to the Agreement. The district court overruled Sky Zone's exception and the court of appeal denied Sky Zone's writ application.

For the following reasons, we affirm the rulings of the lower courts, and hold the arbitration clause in the Sky Zone agreement is adhesionary and therefore unenforceable.

**FACTS AND PROCEDURAL HISTORY**

Roger Alicea planned to take his two minor sons to Sky Zone on February 8,

1

2015. On that morning, his wife, Theresa Alicea, electronically executed[1] a "Participant Agreement, Release and Assumption of Risk" document ("Agreement"), which was required for all patrons before they could enter the park and participate in activities. The Agreement requested names and dates of birth for all participants, required participants to check three boxes next to certain terms of the Agreement, and required participants to digitally sign the Agreement.

The Agreement provided that in consideration for gaining access to Sky Zone Lafayette and engaging in the services, patrons agreed:

☐ I acknowledge that my participation in [Sky Zone] trampoline games or activities entails known and unanticipated risks that could result in physical or emotional injury including, but not limited to broken bones, sprained or torn ligaments, paralysis, death, or other bodily injury or property damage to myself my children, or to third parties. I understand that such risks simply cannot be eliminated without jeopardizing the essential qualities of the activity. I expressly agree and promise to accept and assume all of the risks existing in this activity. My and/or my children's participation in this activity is purely voluntary and I elect to participate, or allow my children to participate in spite of the risks. If I and/or my children are injured, I acknowledge that I or my children may require medical assistance, which I acknowledge will be at my own expense or the expense of my personal insurers. I hereby represent and affirm that I have adequate and appropriate insurance to provide coverage for such medical expense.

☐ In consideration for allowing me and the minor child(ren) identified herein to participate in the [Sky Zone] activities and use the [Sky Zone] facility, I expressly and voluntarily agree to forever release, acquit, indemnify and discharge [Sky Zone] and agree to hold [Sky Zone] harmless on behalf of myself, my spouse, my children, my parents, my guardians, and my heirs, assigns, personal representative and estate, and any and all other persons and entities who could in any way represent me, or the minor children identified herein or act on our respective halves, from any and all actions or omissions, cause and causes of action, suits, debts, damages, judgments, costs, including, but not limited to attorney's fees, and claims and demands whatsoever, in law or in equity, for any personal injury, death, or property damages that I

---

[1] There is no evidence in the record regarding the exact method of execution, or location where Ms. Alicea executed the Agreement. The Aliceas' counsel suggested at oral argument before this court that the Agreement could be executed online or by phone. Regardless, it is undisputed she executed the agreement outside of the Sky Zone facility and several hours prior to Mr. Alicea and their sons arriving at Sky Zone.

and/or the minor children's use of [Sky Zone] activities, [Sky Zone] premises or at offsite and camp activities related to [Sky Zone]. This waiver is intended to be a complete release of any and all responsibility or duties owed by [Sky Zone] as indemnitees for personal injuries, death and/or property loss/damage sustained by myself or any minor children identified herein while on the [Sky Zone] premises, or with respect to [Sky Zone] activities, whether using [Sky Zone] equipment or not, even if such injury or damage results from [Sky Zone] negligence, [Sky Zone] employee negligence, improper supervision, improper maintenance of [Sky Zone] equipment or premises or negligence by other [Sky Zone] guests.

☐ I certify that I and/or my child(ren) are physically able to participate in all activities at the Location without aid or assistance. I further certify that I am willing to assume the risk of any medical or physical condition that I and/or my child(ren) may have. I acknowledge that I have read the rules, (the "Sky Zone Rules") governing my and/or my child(ren)'s participation in any activities at the Location. I certify that I have explained the [Sky Zone] Rules to the child(ren) identified herein. I understand that the [Sky Zone] Rules have been implemented for the safety of all guests at the Location. I agree that if any portion of this Agreement is found to be void and unenforceable, the remaining portions shall remain in full force and effect. If there are any disputes regarding this agreement, I on behalf of myself and/or my child(ren) hereby waive any right I and/or my child(ren) may have to a trial and agree that such dispute shall be brought within one year of the date of this Agreement and will be determined by binding arbitration before one arbitrator to be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures. I further agree that the arbitration will take place solely in the state of Louisiana and that the substantive law of Louisiana shall apply. If, despite the representations made in this agreement, I or anyone on behalf of myself and/or my child(ren) file or otherwise initiate a lawsuit against [Sky Zone], in addition to my agreement to defend and indemnify [Sky Zone], I agree to pay within 60 days liquidated damages in the amount of $5,000 to [Sky Zone]. Should I fail to pay this liquidated damages amount within the 60 day time period provided by this Agreement, I further agree to pay interest on the $5,000 amount calculated at 12% per annum.

I further grant [Sky Zone] the right, without reservation or limitation, to videotape, and/or record me and/or my children on closed circuit television.

I further grant [Sky Zone] the right, without reservation or limitation, to photograph, videotape, and/or record me and/or my children and to use my or my children's name, face, likeness, voice and appearance in connection with exhibitions, publicity, advertising and promotional materials.

> I would like to receive free email promotions and discounts to the email address provided below. I may unsubscribe from emails from Sky Zone at any time.
>
> By signing this document, I acknowledge that if anyone is hurt or property is damaged during my participation in this activity, I may be found by a court of law to have waived my right to maintain a lawsuit against [Sky Zone] on the basis of any claim from which I have released them herein. I have had sufficient opportunity to read this entire document. I understand this Agreement and I voluntarily agree to be bound by its terms.
>
> I further certify that I am the parent or legal guardian of the children listed above on this Agreement or that I have been granted power of attorney to sign this Agreement on behalf of the parent or legal guardian of the children listed above.

Ms. Alicea electronically completed the Agreement on behalf of her husband by checking the three boxes provided in the agreement, furnishing the relevant personal identifying information for Mr. Alicea and their minor sons, and clicking on an "accept" button. Later that afternoon, Mr. Alicea brought his sons to Sky Zone where Logan Alicea sustained a spiral fracture of his femur while jumping on a trampoline.

On August 21, 2015, the Aliceas, individually and on behalf of Logan, filed suit against Activelaf, L.L.C., d/b/a Sky Zone Lafayette and its insurer ("Sky Zone") asserting Logan was injured due to Sky Zone's negligence. In response, Sky Zone filed several exceptions, including an exception of prematurity. Sky Zone alleged that the Agreement contained a mandatory arbitration clause, thereby rendering the Aliceas' suit premature. The Aliceas asserted they did not knowingly consent to arbitration, and argued the Agreement was adhesionary and ambiguous.

Following a hearing, the district court overruled the exception of prematurity without reasons. The court of appeal denied Sky Zone's writ application, finding no error in the district court's ruling. Judge Gremillion dissented, stating he would grant the writ. *Alicea v. ActiveLaf, LLC*, 16-00073 (La. App. 3 Cir. 3/18/16) (unpublished).

On Sky Zone's application, we granted supervisory review and consolidated this

4

case for argument with *Duhon v. ActiveLaf, LLC*, 16-0818 (La. 6/17/16), 192 So. 3d 762, decided in a separate opinion issued contemporaneously with this matter. *Alicea v. ActiveLaf, LLC*, 16-0708 (La. 6/17/16), 192 So. 3d 762**.**

## DISCUSSION

For the reasons assigned this day in *Duhon v. ActiveLaf, LLC*, 16-0818 (La. 10/19/16), – So. 3d. –, we find the arbitration clause in the Sky Zone Agreement is adhesionary and unenforceable. Accordingly, we find the lower courts correctly overruled Sky Zone's exception of prematurity. Therefore, the rulings of the lower courts are affirmed.

## DECREE

**AFFIRMED AND REMANDED TO THE DISTRICT COURT.**

10/19/16

# SUPREME COURT OF LOUISIANA

## NO. 2016-CC-0708

## ROGER ALICEA, ET AL.

## VERSUS

## ACTIVELAF, LLC, ET AL.

*ON SUPERVISORY WRITS TO THE FIFTEENTH JUDICIAL DISTRICT COURT
FOR THE PARISH OF LAFAYETTE*

**WEIMER, J.**, dissenting.

For the reasons assigned in my dissent in **Duhon v. ActiveLaf, LLC**, 16-0818,

___ So.3d ___ (La. 10/__/16), I respectfully disagree with the majority's conclusion

that analysis of the Sky Zone Agreement using Aguillard's four factor "framework"

supports a finding that the arbitration clause is adhesionary and not enforceable.

Finding that the arbitration clause in the Sky Zone Agreement is valid and

enforceable, I would reverse the rulings of the lower courts in this matter.

**SUPREME COURT OF LOUISIANA**

**NO. 2016-CC-0708**

**ROGER ALICEA, ET AL.**

**VERSUS**

**ACTIVELAF, LLC, ET AL.**

*ON SUPERVISORY WRITS TO THE FIFTEENTH JUDICIAL DISTRICT COURT
FOR THE PARISH OF LAFAYETTE*

**GUIDRY, J.**, dissenting.

For the reasons assigned in my dissent in Duhon v. ActiveLaf, LLC, 2016-0818 (La. 10/__/16), __ So.3d __, I respectfully dissent from the majority's finding that the arbitration clause in the Sky Zone Agreement is adhesionary and, as such, unenforceable. Accordingly, I would reverse the rulings of the lower courts.

10/19/16

SUPREME COURT OF LOUISIANA

No. 2016-CC-0708

ROGER ALICEA, ET AL.

VERSUS

ACTIVELAF, LLC, ET AL.

ON SUPERVISORY WRITS TO THE FIFTEENTH JUDICIAL
DISTRICT COURT FOR THE PARISH OF LAFAYETTE

CLARK, J., concurring.

I find that the contract at issue lacks mutuality to such an extent that the contract is adhesionary. Not only does the contract bind only patrons to arbitration, the contract stipulates that if a patron files a lawsuit against Sky Zone, the patron is liable for $5,000 in liquidated damages. At the same time, Sky Zone is free to file a lawsuit against the patron without any penalty.

**SUPREME COURT OF LOUISIANA**

**No. 2016-CC-0708**

**ROGER ALICEA, ET AL.**

**VERSUS**

**ACTIVELAF, LLC, ET AL.**

**ON SUPERVISORY WRITS TO THE FIFTEENTH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE**

**Hughes, J., concurring.**

Although I do not agree that the arbitration language was hidden, I concur that it lacked mutuality, and thus with the result.

**SUPREME COURT OF LOUISIANA**

**No. 2016-CC-0708**

**ROGER ALICEA, ET AL.**

**VERSUS**

**ACTIVELAF, LLC, ET AL.**

**ON SUPERVISORY WRITS TO THE FIFTEENTH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE**

**CRICHTON, J.**, additionally concurs and assigns reasons.

For my reasons stated in *Duhon v. ActiveLaf, LLC*, 16-0818 (La. __/__/16), - So. 3d. - (Crichton, J., concurring), I concur in this decision.